UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 682 HEALTH AND WELFARE TRUST FUND, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:09-CV-177 CAS ) |
| ARROW DRAIN & SEWER CLEANING, INC., | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiffs' Motion for Contempt. The defendant has not filed a response and the time to do so has passed. The motion states that the parties entered into a settlement agreement in April 2010, which required defendant to make certain payments, and as a result, plaintiffs agreed to dismiss this matter with prejudice. Plaintiffs move the Court for an order compelling defendant to comply with the terms and conditions of the settlement agreement by making the required payments.

The Court concludes that it is without jurisdiction to entertain the issues presented in the motion, under Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375 (1994). The United States Supreme Court has held that federal district courts do not have inherent power to enforce an agreement settling federal litigation. Id. at 378; see Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1127 (8th Cir. 1995). Jurisdiction to enforce a settlement agreement exists only if the parties' obligation to comply with the terms of the settlement agreement was made part of the order of dismissal (1) by a provision that the Court would retain jurisdiction over the settlement agreement; or (2) by incorporating the terms of the settlement agreement into the order. Miener, 62 F.2d at 1127 (citing Kokkonen, 511 U.S. at 381). "Absent action making the settlement agreement part of a dismissal order, 'enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.'" Id. (quoting Kokkonen, 511 U.S.

at 382). A mere reference to the existence of a settlement does not incorporate the settlement agreement into the dismissal order. Meiner, 62 F.3d at 1127-28.

In this case, the Court concludes it is without jurisdiction to address the issues presented in plaintiffs' motion because the order of dismissal neither retained jurisdiction over the action for purposes of enforcing the parties' agreement nor incorporated the terms of the agreement. As a result, unless there is some independent basis for federal jurisdiction, plaintiffs must bring any enforcement action, such as a petition for breach of contract, in state court. See Sheng v. Starkey Laboratories, Inc., 53 F.3d 192, 195 (8th Cir. 1995). No independent basis for federal jurisdiction has been asserted here, and such an assertion would, in any event, appear to require the institution of a separate action for breach of contract.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion for Contempt is **DENIED** for lack of jurisdiction. [Doc. 18]

                                                         */s/ Charles A. Shaw*
                                                    **CHARLES A. SHAW**
                                                  **UNITED STATES DISTRICT JUDGE**

Dated this  17th  day of September, 2010.